[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
AMENDED DECISION
Defendant Cesar Teixeira has moved the court to clarify its decision of November 1, 1990 in the above-entitled case. Defendant's motion will be treated by this court as a motion to amend judgment pursuant to R.C.P. 59.
After consideration and review, this court hereby grants Cesar Teixeira's motion for a directed verdict upon which the court had previously reserved decision pursuant to R.C.P. 50(b). Through oversight or omission, no ruling was made on the reserved motion and thereafter judgment was rendered thereon. R.C.P. 60(a) permits the court to correct errors in the trial record and ". . . errors therein arising from oversight or omission . . . . at any time of its own initiative . . . before the appeal is docketed in the appellate court, and thereafter while the appeal is pending . . . with leave of the appellate court".
The court hereby amends the decision previously entered as follows: the last full paragraph on page 6 and continuing on page 7 should read:
 Additionally, after reviewing its instructions to the jury, this court concludes that the jury had to engage in impermissible inference stacking in order to reach the conclusion that Cesar Teixeira is liable to the plaintiffs for usurping a corporate opportunity. In part, this court instructed the jury that
 The mere fact that Cesar Teixeira ended up as an owner of Act, Inc. and is involved with Mendon Liquors is not by itself enough for you to conclude that he must have interfered with the corporate opportunity of the plaintiff. You must have been presented with evidence from which you can reasonably conclude that while he was conducting his discussions with the Cabrals, he knew that Mr. Custodio was negotiating on behalf of A. Teixeira Co., Inc. and that the plaintiff corporation was in a position — both financially and according to the state of its negotiations — to purchase Mendon Liquors.
 In order to find Cesar responsible in light of the foregoing instructions, the jury had to reason as follows: it is a fact that Cesar was a friend of Armenio and Antonio; it can therefore be inferred that Armenio and Antonio not only told Cesar that Mendon Liquors was for sale, but they also told him that Mr. Custodio was negotiating with Mendon's owners to purchase Mendon Liquors for the plaintiff corporation and that the plaintiff corporation was financially able to purchase the store and had a firm agreement with the sellers of Mendon Liquors. This court therefore concludes that the jury engaged in unreasonable speculation, drawing inference upon inference with no adequate, underlying basis from the evidence presented. After examining the evidence in the light most favorable to the plaintiff, without evaluating it for credibility and drawing all reasonable inferences in that plaintiff's favor, this court finds there is no evidence that would support a verdict in favor of the plaintiff or evidence upon which reasonable minds could differ. Lamoureux v. Davis, 504 A.2d 449 (R.I. 1986) (Quoting Pankiw v. Polish National Catholic Church of Our Savior, 493 A.2d 819 (R.I. 1985). Accordingly, Cesar Teixeira's motion for a directed verdict, upon which this court had previously reserved decision, is granted pursuant to R.C.P. 50(b).
The first full paragraph on page 9 should read:
 For the reasons hereinabove set out, this court rules as follows. Armenio Teixeira's and Antonio Teixeira's Motion for a New Trial and Motion to Vacate Judgment are denied. Additionally, Cesar Teixeira's Motion for a Directed Verdict is granted pursuant to R.C.P. 50(b). Armenio Teixeira's Motion for Injunctive relief and for a Declaratory Judgment is denied. The court's June 21, 1990 "Order Granting Temporary Restraining Order" to Armenio Teixeira is dissolved.
Counsel shall prepare an appropriate final amended judgment reflecting the court's original rulings and all amendments thereto.